# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN COLSON,<br><br>                        Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                        Defendant. | Case No. 13-CV-1168-JPS<br><br><br>ORDER |

       On May 22, 2014, the Court granted the parties' joint motion to remand this case to the Commissioner of Social Security, pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), (Docket #14) and judgment was entered accordingly that same day (Docket #15).The remand order stated that "on remand, the [Administrative Law Judge ("ALJ")] shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law." (Docket #14 at 1).

       Because the Court ordered a Sentence Four remand without any indication that it intended to retain jurisdiction over the case, presumably the Court no longer has jurisdiction to entertain post-remand motions. *See Raymond v. Chater*, 94 F.3d 263, 268-69 (7th Cir. 1996) (noting that "[w]hen a 'sentence four' remand is entered the case is over in the district court," except in instances where the district court intended to retain jurisdiction (even erroneously)); *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (stating that "a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the [Commissioner's] final decision") (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

Notwithstanding the foregoing, the plaintiff filed a motion requesting an order to show cause on November 6, 2014. (Docket #19). Specifically, the plaintiff requests: (1) "an order to show cause directing ALJ Patrick Morrison to appear in court and explain why this Court's order with regard to application of Seventh Circuit case law has not been followed"; (2) an order directing that this case be reassigned to another ALJ; and, (3) an interim order to pay the plaintiff disability benefits. *Id.* at 4. In support of this motion, the plaintiff avers that ALJ Morrison has refused to follow the Seventh Circuit case *Britton v. Astrue*, 521 F.3d 799 (7th Cir. 2008), as it relates to cross-examination of vocational experts about the underlying data those experts relied on. *Id.* at 1-3.

The Commissioner filed a brief in opposition on November 26, 2014 (Docket #22); in it the Commissioner argues that the plaintiff's motion "cites no statute or authority for the requested relief [the plaintiff seeks], leaving the Commissioner to speculate as to the basis for his motion." *Id.* at 1. Assuming that the plaintiff's motion was brought pursuant to Federal Rule of Civil Procedure 70, or 28 U.S.C. § 1361 (the writ of mandamus statute), the Commissioner argues that the plaintiff is not entitled to relief on either ground.

The plaintiff filed a reply on December 10, 2014. (Docket #23). The plaintiff's reply implies that he seeks relief under Rule 70 (*see* Docket #23 at 7-8), but the substance of the reply focuses almost exclusively on the requested relief already noted above.

On November 21, 2014, after the plaintiff filed his motion, but before the matter was fully briefed, "the ALJ notified [the plaintiff] that he scheduled a supplemental hearing for December 15, 2014." (Docket #22 at 3). The plaintiff filed a transcript of that supplemental hearing on January 8,

2015 (Docket #26), along with a letter arguing that the supplemental hearing did not moot his original motion for an order to show cause. (Docket #27). This is so, the plaintiff argues, because while the ALJ "requir[ed] the vocational expert to produce the statistical data upon which the [expert] relied at the hearing (for purposes of cross-examination)" in this case, that decision represented a "'one case only episode,'" ensuring that in the future "the holding in *Britton* requiring [as much]…would not be honored." *Id.* at 2. And, the defendant noted in a footnote, "[t]he supplemental hearing [did] not moot the plaintiff's claim because the claim included a request for relief that involved an assertion that ALJ Morrison was biased in favor of the Commissioner and against the plaintiff." *Id.* at 4 n.2.

On January 13, 2015, the Court ordered that the Commissioner file a response to the plaintiff's letter regarding the supplemental hearing. On January 20, 2015, the Commissioner did so. In the Commissioner's brief, she argues that the plaintiff's arguments have gone far afield from the those in his original motion; namely, the plaintiff's allegations of error on the ALJ's part were originally about the effect on one person—John Colson—and now, the plaintiff's arguments have transformed into ones that "pertain to hypothetical cases rather than the facts of this case." (Docket #29 at 1, 2).

To start, the Court notes that it has serious qualms about the ALJ's failure to comply with *Britton* in this case and the potential for the ALJ to do so in further cases. Had the ALJ failed to follow *Britton* in this case, both Rule 70 and § 1361 might have been avenues with which to enforce the Court's judgment. *See* Fed. R. Civ. P. 70 (permitting a court to "order the act be done" by a party subject to a judgment); *Burnett v. Bowen*, 830 F.2d 731, 738 (7th Cir. 1987) (holding that "§ 405(h) does not bar mandamus jurisdiction over procedural claims under the Social Security Act"). Indeed, Chief Judge

Griesbach, just last month, granted a writ of mandamus in a "closed case"—*i.e.* one that was remanded—after the ALJ assigned to the case had failed to schedule a hearing on remand for over two years. *See Follet v. Colvin*, No. 10-CV-1001, 2014 WL 7336458, at *1-3 (E.D. Wis. Dec. 22, 2014).

The Court need not delve into this morass, however, because qualms or not, this Court is one of limited jurisdiction. And, the ALJ's decision to hold the supplemental hearing and remedy the non-compliance with *Britton* effectively moots the plaintiff's motion for an order to show cause.[1]

It should be clear at this juncture that the Court has not entertained the idea of issuing an order directing that "ALJ Patrick Morrison…appear [before this Court] and explain why this Court's order with regard to application of Seventh Circuit case law has not been followed" (*see* Docket #19 at 3), instead construing the plaintiff's motion under Rule 70 or one seeking mandamus relief. The former is an extraordinary request the plaintiff cites no legal or factual basis for; the latter two are surely possibilities. But due to the mootness of the plaintiff's arguments, the Court need not discuss those possibilities further.

What is left, then, is the plaintiff's argument that his motion remains viable, notwithstanding the foregoing, because his original claim "included a request for relief that involved an assertion that ALJ Morrison was biased in favor of the Commissioner and against the plaintiff." (Docket #27 at 4). Whatever the merits of the plaintiff's claim of bias may be, the Court has no jurisdiction to provide a remedy on that claim. As stated above, the Court

---

[1] And, while the plaintiff argues that the ALJ will continue to thumb his nose at *Britton*'s holding, the Court can only enforce existing judgments, like the remand in the instant case. The Court has neither the authority, nor the time, to police the proceedings before an ALJ for compliance with Seventh Circuit case law; nor can the Court craft prophylactic remedies to hypothetical future non-compliance.

may only enforce its judgment via Rule 70 or, perhaps, use its mandamus power to compel an ALJ to perform "a clear non-discretionary duty" owed to the plaintiff, *see Burnett*, 830 F.2d at 738-39, after the Court has issued a sentence four remand. The relief the plaintiff requests falls outside that scope.

And, even assuming *arguendo* that the Court had jurisdiction, it lacks the power to order reassignment; rather, the Court may only suggest it. *See, e.g., Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 2003) (citing *Travis v. Sullivan*, 985 F.2d 919, 923-24 (7th Cir. 1993)); *Ventura v. Shalala*, 55 F.3d 900, 904-05 (3d Cir. 1995). This is true even in cases of bias. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010) ("Courts can suggest but cannot require a change of administrative law judges, unless the administrative law judge has demonstrated a degree of bias…that would disqualify him as a matter of due process from further participation in the litigation—in which event the Social Security Administration's own regulation would disqualify him") (citing 20 C.F.R. § 404.940) (internal citations omitted).

In light of the foregoing, the Court is obliged to deny the plaintiff's motion for an order to show cause.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for an order to show cause (Docket #19), be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge